345 A.2d 641

BOROUGH OF WILKINSBURG

v.

SANITATION DEPARTMENT OF the BOROUGH OF WILKINSBURG, Petitioner.

PENNSYLVANIA LABOR RELATIONS BOARD

v.

EMPLOYEES' COMMITTEE OF the WILKINSBURG SANITATION DEPARTMENT, Petitioner.

Supreme Court of Pennsylvania.

Oct. 3, 1975

---

522

Byrd R. Brown, Brown & Cotton, Pittsburgh, for petitioner.

James F. Wildeman, Raymond W. Cromer, James L. Crawford, Pa. Labor Relations Bd., Harrisburg, for Pa. Labor Relations Bd.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Petitioner Employees' Committee of the Wilkinsburg Sanitation Department (Union) seeks allowance of appeal [1] from an order of the Commonwealth Court affirming dismissal by the Pennsylvania Labor Relations Board (Board) of unfair labor practice charges filed by petitioner against respondent Borough of Wilkinsburg (Borough). For the reasons stated below, we grant the petition for allowance of appeal and affirm on a ground other than that relied upon by the Commonwealth Court. [2]

The facts leading to the filing of the instant unfair labor practice charges are extensively set out in the find-

1. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 204(a), 17 P.S. § 211.204(a) (Supp.1974).

2. This Court may affirm an order if it is correct for any reason, · regardless of the reason relied upon by the court below. *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604 n. 5, 327 A.2d 94, 96 n. 5 (1974); *Estate of Prynn*, 455 Pa. 192, 197 n. 9, 315 A.2d 265, 267 n. 9 (1974).

ings of the Board, which are contained in the opinion of the Commonwealth Court. *Borough of Wilkinsburg v. Sanitation Department*, 16 Pa.Cmwlth. 640, 643, 330 A. 2d 306, 308–11 (1974). We summarize them here only so far as necessary to indicate the procedural posture of the case.

The Union has been certified under the Public Employee Relations Act [3] as the exclusive collective bargaining representative of the employees of the Borough's sanitation department. The collective bargaining agreement formerly in effect between the parties expired on December 31, 1971, and negotiations regarding a new agreement were conducted in the early months of 1972. While these negotiations were in progress, the employees continued to work under the terms and conditions in effect at the time the agreement expired.

The Borough, concerned with what it viewed as the excessive cost of refuse collection, sought an agreement which would reduce that cost. When the Union refused to agree to terms which the Borough viewed as necessary to that end, the Borough sought bids from private contractors to ascertain the cost of providing refuse collection in that fashion. The bids received by the Borough indicated that a substantial reduction in cost could be effected by contracting out the work previously performed by the employees of the sanitation department. Further negotiations were conducted in which the Borough sought concessions which would enable it to continue its own refuse collection operation at a cost comparable to that of hiring a private contractor. The Union refused to make such concessions. On March 27, 1972, the Borough Council entered into a three year contract for garbage and trash collection with a private contractor. All employees of the sanitation department were discharged, al-

3. Act of July 23, 1970, P.L. 563, No. 195, 43 P.S. § 1101.101 et seq. (Supp.1974).

though they were given first priority to fill any vacancies in the Borough's department of public works.

■■ The Union then filed with the board charges that the Borough had committed unfair labor practices in violation of section 1201(a)(3), (5), and (9)[4]. These charges were based on the principles embodied in *NLRB v. Katz*, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962) (employer breaches duty to bargain in good faith when he makes a unilateral change in terms or conditions of employment which are a mandatory subject of bargaining without first bargaining to impasse with the collective bargaining representative of his employees), and *Fibreboard Paper Products Corp. v. NLRB*, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964) (replacement of employees in the existing bargaining unit with those of an independent contractor to do the same work under similar conditions of employment is a mandatory subject of bargaining).[5]

4. Id. 43 P.S. § 1101.1201(a)(3), (5), & (9). These provide as follows:
> "(a) Public employers, their agents or representatives are prohibited from:
>
> . . . . . . . . . .
>
> "(3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employe organization.
>
> . . . . . . . . . .
>
> "(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.
>
> . . . . . . . . . .
>
> "(9) Refusing to comply with the requirements of 'meet and discuss.' "

5. These decisions were interpretations of the National Labor Relations Act and are therefore only persuasive authority, although we have held that practice under the NLRA may be looked to for guidance in interpreting similar provisions of Pennsylvania labor legislation. *PLRB v. Loose*, 402 Pa. 620, 623, 168 A.2d 323, 325 (1961). Care is required in applying NLRA practice in this area, however, for we recognized in *PLRB v. State College Area School District*, 461 Pa. 494, 499, 337 A.2d 262, 264 (1975), that special considerations affecting public employment dictate differences from private employment in the scope of mandatory bargaining.

The Board issued a complaint based on these charges and held a hearing. It then dismissed the charges. It concluded that the Public Employee Relations Act does impose a duty to bargain over contracting out of work previously performed by the employees in a bargaining unit in some circumstances, though the applicability of this duty is narrower than the corresponding duty under the National Labor Relations Act.[6] However, it concluded that the Borough had fully complied with that duty by bargaining to an impasse over its decision to contract out the work formerly performed by the sanitation department.

The Union appealed to the Court of Common Pleas of Allegheny County, which affirmed that part of the Board's order dismissing charges of violation of section 1201(a)(3) and (9) but reversed that part of the Board's order dismissing the charge of violation of section 1201(a)(5). Only the latter portion of the court's order was appealed to the Commonwealth Court, so the charges of violation of section 1201(a)(3) and (9) are not before us.

On appeal from the court of common pleas, the Commonwealth Court reversed and reinstated the order of the Board in its entirety. *Borough of Wilkinsburg v.*

---

6. The Board's position is succinctly stated in its answer to the petition for allowance of appeal in this case:

"It is the Board's considered judgment that the elimination of jobs by a public employer for the purpose of saving money or other economic consideration and providing alternative means of providing the same or similar service at less costs is a subject of mandatory collective bargaining under the Public Employee Relations Act . . . . However, if a public employer eliminates an entire service (not just replacing the employes presently performing the service and performing the same or similar service with other employes) for reasons legitimately concerning e. g. the employer's function, its program or quality of the service performed, the public employer is not required to collectively bargain about such a decision. In such a situation the Board avers that the duty of the public employer under the Act is to 'meet and discuss' with the employe representative as required by the Act."

*Sanitation Department,* 16 Pa.Cmwlth. 640, 330 A.2d 306 (1974). While noting that it would agree with the Board's conclusion that the Borough had done all that was required to comply with the duty to bargain in good faith if that duty were applicable, 16 Pa.Cmwlth. at 653, 330 A.2d at 313, the Commonwealth Court rested its holding on a broader ground. Relying on its decision in *Pennsylvania Labor Relations Board v. State College Area School District,* 9 Pa.Cmwlth. 229, 306 A.2d 404 (1973), rev'd, 461 Pa. 494, 337 A.2d 262 (1975), it held that contracting out is a matter of "inherent managerial policy" excluded from the scope of bargaining by section 702 of the Public Employee Relations Act.[7]

After the Commonwealth Court's decision in this case, we reversed that court's decision in *State College Area School District,* holding that the construction of the Act adopted there "[thwarted] fulfillment of the legislative policy sought to be achieved by the passage of the Act." *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 504, 337 A.2d 262, 267 (1975). Were there not an alternate ground for affirm-

---

7. 43 P.S. § 1101.702. This section must be read in conjunction with section 701, 43 P.S. § 1101.701, which defines the duty to bargain. These sections provide:

"[Section 701] Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession.

"[Section 702] Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives."

ance, the Commonwealth Court's heavy reliance on its now discredited analysis in *State College Area School District* would mandate a remand for reconsideration in light of our decision in that case.

However, we agree with the Commonwealth Court that the findings of the Board [8] amply support its conclusion that the conduct of the Borough fulfilled the duty to bargain imposed by section 1201(a)(5) if that duty is applicable here. See *Fibreboard Paper Products Corp. v. NLRB*, 379 U.S. 203, 213–14, 85 S.Ct. 398, 404–05, 13 L.Ed.2d 233 (1964). A fortiorari, it also fulfilled the duty to "meet and confer" applicable if the contracting out here was a matter of "inherent managerial policy," for that duty is less stringent than the duty to "bargain collectively in good faith." Compare § 701 with § 702.[9] Consequently, the Borough committed no unfair labor practice regardless of whether contracting out is a mandatory subject of bargaining in the circumstance involved here.

Order affirmed.

JONES, C. J., and EAGEN and POMEROY, JJ., concur in the result.

8. We accept the Commonwealth Court's holding that the Board's findings are supported by substantial evidence without reviewing that question.

9. See note 7 *supra.*