Minersville Area School District, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued February 1, 1983, before Judges Rogers, Palladino and Barbieri, sitting as a panel of three.

*Edward E. Kopko, Law Offices of James J. Curran,* for petitioner.

*Kathryn S. MacNett,* with her, *James L. Crawford* and *William J. Maikovich,* for respondent.

*Betty F. Perry, Killian & Gephart,* for intervenor, Pennsylvania School Service Personnel Association.

Opinion by Judge Barbieri, May 22, 1984:

The Minersville Area School District (District) appeals here from a decision of the Pennsylvania Labor Relations Board (Board) which concluded that the District had violated Sections 1201(a)(1) and 1201

(a) (5) of the Public Employe Relations Act (Act)[1] by failing to bargain in good faith over the issue of whether District cafeteria services should be performed by an independent contractor.[2] We affirm.

On appeal from a decision of the Board concerning an unfair labor practice, this Court's scope of review is limited to determining whether or not the Board's findings are supported by substantial evidence and whether the conclusions drawn therefrom are reasonable and not capricious, arbitrary or illegal. *Amalgamated Transit Union, Division 85 Appeal*, 61 Pa. Commonwealth Ct. 207, 433 A.2d 578 (1981). Additionally, ''we remain mindful that the PLRB possesses administrative expertise in the area of public employee labor relations and that great deference ought to be given to the PLRB's assessment of the often competing concerns relevant to the issue of whether the conduct of an employer or a union constitutes a refusal to meet the mutual obligation to bargain in good faith.'' *Richland School District v. Pennsylvania Labor Relations Board*, 71 Pa. Commonwealth Ct. 45, 53-54, 454 A.2d 649, 652 (1983).

Before this Court, the District does not dispute the fact that it had an obligation to bargain in good faith over the issue of hiring an independent contractor to

---

[1] Act of July 28, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.1201 (a) (1) and (5).

[2] Sections 1201(a) (1) and (5) of the Act provide as follows:

(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this Act.
****

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

provide cafeteria services. *See Pennsylvania Labor Relations Board v. Mars Area School District,* 480 Pa. 295, 389 A.2d 1073 (1978). Instead, the District alleges that the Board erred as a matter of law, by concluding, based on the facts of this case, that it had not met that obligation.

The undisputed facts of record show that the District entered into negotiations with the Minersville Area School Service Personnel Association (Association), the duly certified representative of District cafeteria and custodial employees, for a new collective bargaining agreement to replace an agreement which was to expire on June 30, 1981. The District, without informing the Association, subsequently began to solicit bids from private contractors for the provision of cafeteria services, and on June 14, 1982, the Union informed the District that it had learned of the action and wished to enter into negotiations over the matter. A meeting on this question was then held between the parties on July 13, 1982, and at this meeting the District (1) indicated that it was contemplating hiring an independent contractor to provide cafeteria services since its own program was experiencing financial difficulties, (2) indicated that part of the cafeteria's problems resulted from the fact that fewer students were patronizing it, (3) provided the Association with a copy of a bid proposal from Servomation,[3] and (4) invited the Association to submit a proposal of its own. The Association, for its part, suggested at this meeting that the District could attempt to solve the cafeteria's problems by utilizing federal surplus foods and by creating a committee to devise a better menu. The District indicated at the meeting, however, that it did not think that either of these suggestions would

---

[3] Servomation is a private food service company which frequently provides services to institutional customers.

significantly help the cafeteria's financial condition. Thereafter, on July 16, 1982, the Association indicated in a letter which was sent to the District that it had studied the Servomation bid proposal, did not believe that it would save the District money, and that it "would prefer to work with the District to meet whatever the concerns are." The District did not respond to this letter, however, and without any further consultations with the Association subsequently agreed within two weeks of the July 13, 1982 meeting to a modified bid proposal submitted by Servomation.

It is of course well settled that "[t]he duty to bargain in good faith means that the parties must make a serious effort to resolve differences and reach a common ground." *Appeal of Cumberland Valley School District,* 483 Pa. 134, 142, 394 A.2d 946, 950 (1978). In its brief to this Court, the District, citing the case of *Borough of Wilkinsburg v. Sanitation Department,* 463 Pa. 521, 345 A.2d 641 (1975), asserts that it made such an effort. We, however, disagree.

In *Wilkinsburg,* our Supreme Court concluded (1) that the Borough of Wilkinsburg (Borough) had an obligation to bargain in good faith over the question of whether an independent contractor should be hired to perform sanitation services then performed by Borough employees, and (2) that the Borough had, under the facts of that case, met this obligation. The record in *Wilkinsburg* showed, however, that the Borough had sought concessions from its sanitation workers to lower what it felt to be the excessive cost of Borough refuse collection, had then solicited bids from private contractors when the workers refused to make concessions, had then entered into further negotiations with the certified bargaining representative of its sanitation workers, and then only awarded a contract to a private contractor after those negotiations reached an impasse. Here, however, the District only

conducted a single meeting on the question of hiring an independent contractor to provide cafeteria services, and then proceeded, without consulting the Association, to hire such a contractor within two weeks of this meeting even though the Association had indicated in its July 16, 1982 letter that it was willing to cooperate with the District in an effort to resolve the cafeteria's financial difficulties. Under these circumstances, we believe that the Board correctly concluded that the District failed to bargain in good faith, and we shall accordingly affirm.

### ORDER

AND Now, this 22nd day of May, 1984, the order of the Pennsylvania Labor Relations Board, dated May 11, 1983, is hereby affirmed.