624 A.2d 215

**ELIZABETH FORWARD SCHOOL DISTRICT, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD and AFSCME, District Council 84, AFL–CIO, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1992.

Decided April 2, 1992.

Publication Ordered April 2, 1993.

6

William C. Andrews, for appellant.

Alaine S. Williams and Peter Lassi, for appellees.

Before DOYLE and KELLEY, JJ., and BARRY, Senior Judge.

KELLEY, Judge.

Elizabeth Forward School District (district) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) dismissing the district's petition for review of a final decision of the Pennsylvania Labor Relations Board (PLRB) which found that the district had committed unfair labor practices in violation of the Public Employe Relations Act (PERA).[1] We will affirm.

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101—1101.2301.

This case arose following the June 30, 1989 expiration of a contract between the district and the American Federation of State, County and Municipal Employees, District Council 84, AFL–CIO (AFSCME). AFSCME was the certified collective bargaining representative for bus drivers, aides and mechanics employed by the district. Negotiations on a new contract between the parties began on February 23, 1989. At the March 20, 1989 bargaining session, the district initially discussed the possibility of subcontracting bus services. Following additional bargaining sessions, the parties were unable to agree to a new contract. The district proceeded to solicit bids and utilized the low bid as a figure for potential savings, which it asked AFSCME to match through a wage cut.

Additional negotiating sessions were held in July and early August 1989, at which a state mediator was present. With the school year set to begin on August 29, 1989, the parties again met on August 15. The district's offer was submitted to the AFSCME membership for a vote and was rejected. Notwithstanding this rejection, another bargaining session was scheduled for the following day, August 16. During the evening of August 15, however, the district's board of directors, without informing AFSCME, voted to approve the subcontracting of bus services.

AFSCME then filed a complaint of unfair labor practices with the PLRB. The hearing examiner concluded that the district had failed to bargain in good faith, and filed a proposed opinion on September 13, 1990, which found that:

> [T]he fact that the District voted to subcontract the night before a scheduled bargaining session is revealing as to the effort it put forth in negotiations, especially when viewed in light of the fact that the District did not tell AFSCME about the vote to subcontract, the fact that the vote to subcontract occurred immediately after AFSCME's membership rejected a proposal by the District to keep the work in the bargaining unit and the fact that more than enough time remained before the start of school for the District to enter into a subcontract without affecting the provision of transportation services that day.

The hearing officer ordered the district to rescind the subcontract and reinstate the work previously performed by the members of the bargaining unit. On March 27, 1991, the PLRB dismissed the district's exceptions to the proposed order and made that order absolute and final. The district then appealed to the trial court, which found the PLRB order to be supported by substantial evidence and dismissed the petition for review.

Our scope of review of a final order of the PLRB is limited to a determination of whether the findings are supported by substantial evidence and whether the conclusions drawn from those findings are reasonable and not capricious, arbitrary, or illegal. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1977). Although the district attacked various findings of fact by filing exceptions to the hearing examiner's proposed order, we do not find any renewal of those attacks here. Therefore, the facts as found by the PLRB in its final order are binding on this court. Additionally, we have recognized that:

> [T]he PLRB possesses administrative expertise in the area of public employee labor relations and that great deference ought to be given to the PLRB's assessment of the often competing concerns relevant to the issue of whether the conduct of an employer or a union constitutes a refusal to meet the mutual obligation to bargain in good faith.

*Minersville Area School District v. Pennsylvania Labor Relations Board,* 82 Pa. Commonwealth Ct. 506, 475 A.2d 962 (1984) (quoting *Richland School District v. Pennsylvania Labor Relations Board,* 71 Pa.Commonwealth Ct. 45, 454 A.2d 649 (1983)).

Mindful of our proper scope of review, we must now determine whether the PLRB's conclusion that the district's conduct constituted a failure to bargain in good faith was reasonable, based on the facts of this case. We first note that a proposal to subcontract the work of bargaining unit employees is a mandatory subject for bargaining. *Pennsylvania Labor Relations Board v. Mars Area School District,* 480 Pa. 295, 389 A.2d 1073 (1978).

In *Borough of Wilkinsburg v. Sanitation Department,* 463 Pa. 521, 345 A.2d 641 (1975), our Supreme Court held that the borough had met its obligation to bargain in good faith where the borough had sought concessions from its sanitation workers, had then solicited bids from private contractors, continued to negotiate with the certified representative of the sanitation workers, and finally subcontracted the bargaining unit work after the negotiations had reached an impasse. The district argues that this is precisely the fact-pattern of the present case. The key question, of course, is whether an impasse had been reached prior to the vote to subcontract.

In the present case, the district properly notified AFSCME that it was considering subcontracting the bus services. The parties then conducted numerous negotiating sessions. Despite the fact that the AFSCME membership voted to reject the district's offer, another negotiating session was planned for the following day. The fact that the district proceeded to vote on the subcontract without notifying AFSCME of its intention and while a future negotiating session was pending, distinguishes this case from *Wilkinsburg.* And, despite the district's protestations that for all practical purposes an impasse had been reached, we cannot say that the PLRB's inference to the contrary was arbitrary or capricious based on the record in this case.

In *Minersville,* 82 Pa.Commonwealth Ct. at 510–11, 475 A.2d at 964, the district proceeded to contract out cafeteria services after only one bargaining session and despite the fact that the union in that case had indicated its willingness to continue bargaining in order to resolve the cafeteria's financial difficulties. Distinguishing *Wilkinsburg,* the court in *Minersville* affirmed the PLRB's finding that the district had committed an unfair labor practice by failing to bargain in good faith.

Although the parties in the present case participated in numerous negotiating sessions, the fact remains that the district, like the district in *Minersville,* unilaterally voted to subcontract bargaining unit work while negotiations were ongoing. Like the court in *Minersville,* we believe that the

PLRB correctly concluded that the district's conduct constituted a failure to bargain in good faith.

The district, however, argues that the hearing examiner erred in failing to permit the mediator to testify. That testimony, the district contends, would have conclusively established that an impasse had been reached.

In response, the PLRB notes that a recent amendment to section 4 of the Pennsylvania Labor Mediation Act [2] specifically provides that "[t]he mediator shall not produce any confidential records of, *or testify in regard to,* any mediation conducted by him on behalf of any party in any type of civil proceeding." (Emphasis added.)

The district counters that the amendment, which became effective on July 4, 1990, is inapplicable to this proceeding because both the negotiations and the hearing occurred prior to the effective date. We agree that exclusion of the mediator's testimony was proper for two reasons.

First, although the amendment became effective after the hearing date in this matter, legislation concerning procedural matters is not only applied to litigation begun after its passage, but also to litigation existing at the time of passage. *Boyd C. Wagner, Inc. v. Shamokin Area School District,* 120 Pa.Commonwealth Ct. 596, 604, 549 A.2d 1004, 1007 (1988). The amendment related solely to the admissibility of certain testimony and, therefore, is more properly classified as a procedural rather than a substantive change.

Even if the amendment were somehow construed as something more than procedural and therefore admitting of only prospective application, we believe that the mediator's testimony would still have been properly excluded. Pennsylvania appellate courts have expressly approved reliance on federal labor law decisions where appropriate. *Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978). Citing public policy considerations, the federal courts have approved the complete exclusion of mediator testimony as "necessary to the preservation of an effective system of

**2.** Act of May 18, 1937, P.L. 674, *as amended,* 43 P.S. § 211.34.

labor mediation." *National Labor Relations Board v. Joseph Macaluso, Inc.,* 618 F.2d 51 (9th Cir.1980). Therefore, even absent retroactive application of the amendment, we believe that the hearing examiner could have properly excluded the mediator's testimony on policy grounds similar to those expressed by the federal court.

Accordingly, the order of the Court of Common Pleas of Allegheny County dismissing the district's petition for review is affirmed.

## ORDER

NOW, this 2nd day of April, 1992, the order of the Court of Common Pleas of Allegheny County, No. S.A. 91–1156, dated August 22, 1991, is affirmed.