J-A05038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AVRUM M. BAUM, AS PARENT AND GUARDIAN OF CHAYA BAUM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KEYSTONE MERCY HEALTH PLAN AND AMERIHEALTH MERCY HEALTH PLAN, | |
| Appellees | No. 1250 EDA 2015 |

Appeal from the Order March 27, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  January Term, 2011, 3876

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:              **FILED APRIL 26, 2016**

Appellant Avrum M. Baum appeals from the order entered on March 27, 2015, by the Honorable Mary D. Colins in the Court of Common Pleas of Philadelphia County denying his motion for class certification for a claim against Appellees, Keystone Mercy Health Plan and Amerihealth Mercy Health Plan alleging deceptive conduct under the catchall provision of the

*Former Justice specially assigned to the Superior Court.

Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1]   Upon our review of the record, we affirm.[2]

This is the second time this Court has been called upon to consider the trial court's denial of Appellant's motion for class certification in this matter. In a memorandum decision filed on December 9, 2014, a panel of this Court affirmed in part and vacated in part the trial court's order of July 25, 2013, denying Appellant's motion and remanded the case for further proceedings. In doing so, this Court found the trial court had not abused its discretion when it denied Appellant's motion for class certification under Pa.R.C.P. 1702(3) for failure to show typicality;[3] however, for reasons discussed more

---

[1] 73 P.S. § 201-1, *et seq*.

[2] An order denying class certification is an appealable collateral order. ***McGrogan v. First Commw. Bank***, 74 A.3d 1063, 1079 (Pa.Super. 2013); Pa.R.A.P. 313(b) (providing an order is immediately appealable as a collateral order if said order is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost").

[3] Pennsylvania Rule of Civil Procedure 1702 requires the following criteria to be met for a class action to proceed:
> **Rule 1702. Prerequisites to a Class Action**
> One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;

*(Footnote Continued Next Page)*

fully *infra*, we further held the trial court had abused its discretion when it determined that Appellant's UTPCPL claim could not be certified to the extent it alleged deceptive conduct under the UTPCPL's catchall provision.[4] ***See Baum v. Keystone Mercy Health Plan, et al.***, No. 2667 EDA 2013, unpublished memorandum at 13 (Pa.Super. filed December 9, 2014).

In our December 9, 2014, memorandum decision, we referenced the trial court's summary of the relevant factual and procedural history of this case as follows:[5]

> (4)   [Appellant] is a resident of Philadelphia, Pennsylvania, and is the father and guardian of Chaya Baum, a special-needs minor child who has health insurance with [Appellee] Keystone Mercy Health Plan. [Appellant] himself was and is not insured by [Appellees].

*(Footnote Continued)* ————————————

> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class;
> (4)   the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and
> (5)   a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

[4] In 1996, "deceptive conduct" was added as a violation to the catchall provision of the UTPCPL and recodified at 73 P.S. § 201-2(4)(xxi); prior to that time, the catchall provision, Section 201-24(xvii) of the UTPCPL, referenced only "fraudulent conduct."

[5] In its March 25, 2015, Opinion, the trial court incorporated these findings of fact which it previously had set forth in its opinion of July 25, 2013, filed pursuant to Pa.R.A.P. 1925(a).

- 3 -

(5) The Commonwealth of Pennsylvania pays for Chaya Baum's health insurance with Keystone through the Medicaid program.

...

(10) Sometime in 2010, one of the [Appellees]' employees copied data from [Appellees]' computer system onto an unencrypted Flash Drive that was misplaced and never found.

(11) The Flash Drive contained private health information (PHI) that is protected: by the [Appellees]' own practices; under federal law governing Privacy of Individually Identifiable Health Information (HIPPA Privacy Rule), 45 C.F.R. 160 et seq.; and under Pennsylvania Law, the Privacy of Consumer Health Information, 31 Pa. Code § 416.

(12) On September 2010, Barbara G. Jones, [Appellees]' Chief Compliance & Privacy Officer, learned that the Flash Drive had been lost. She conducted an investigation that involved, among other things, identifying what information was on the Flash Drive and enlisting assistance of all [Appellees]' employees in finding it.

(13) Through Ms. Jones, [Appellees] provided notice of the missing Flash Drive to the Pennsylvania Department of Public Welfare (DPW) on October 5, 2010, and to the [F]ederal Department of Health and Human Services Office for Civil Rights (OCR) on October 25, 2010.

(14) The information on the Flash Drive included, variously, names, addresses/zip codes, date of birth, social security numbers, member identification numbers and clinical information, including medications, lab results and health screening information.

(15) According to the report that [Appellees] sent to DPW, the Flash Drive contained partial social security numbers of 801 individuals and the complete social security numbers of seven individuals. For the remaining more than 283,000 individuals, the data included, variously, member identification numbers, clinical health screening information, names and addresses.

(16) [Appellees] sent notices to 285,691 individuals concerning the loss, informing those individuals what personal data was on the Flash Drive and inviting them to contact [Appellees] for additional information.

(17) [Appellees] offered credit monitoring to the 808 individuals whose partial or complete social security numbers appeared on the Flash Drive ... because, in [Appellees]' view, their PHI was most at risk. [Appellant] was not among the 808 individuals offered such monitoring.

(18) The notice that [Appellant] received in October of 2010 informed him that his daughter's member identification number ... and health screening information were on the lost Flash Drive.

(19) Neither Chaya Baum's name, social security number nor address was on the Flash Drive.

(20) [Appellant] never contacted [Appellees] for additional information.

…

*Baum*, *supra* at 2-4 (citing Trial Court Opinion, filed July 25, 2013, at 2, 4-6).

Also pertinent to the instant appeal is the trial court's additional finding of fact made upon remand:

(35) At the time of Chaya's enrollment in Keystone's claim, Keystone distributed to her and others a Notice of Privacy Practices. N.T., 04.29.13, at 18-19. The Notice said:

SUMMARY

Keystone Mercy Health Plan takes our members' right to privacy seriously. In order to provide you with your benefits, Keystone Mercy Creates and/or receives personal information about your health. This information comes from you, your physicians, hospitals, and other health care services providers. This information can be oral, written or electronic. Keystone Mercy must keep this information

confidential. We have set up ways to make sure that all personal health information is used correctly. For example[, a]ll Keystone Mercy employees must sign and follow the Company's Confidentiality Policy. Another example is all company computers are password protected and equipped with security protection devices.

\*\*\*

KINDS OF INFORMATION THAT THIS NOTICE APPLIES TO

This notice covers any information we have that would allow someone to identify you and learn something about your health.

\*\*\*

WHO MUST FOLLOW THIS NOTICE

- Keystone Mercy Health Plan

- All employees, staff, interns, volunteers and other personnel whose work is under direct control of Keystone Mercy Health Plan.

\*\*\*

OUR LEGAL DUTIES

- The law requires that we maintain the privacy of your health information.

- We are required to provide this Notice of Privacy Practices and legal duties regarding health information to you.

- We are required to follow the terms of this notice until we officially adopt a new notice.

Trial Court Opinion, filed March 25, 2015, at 8-9 (citing Plaintiff's Exhibit P-4; BAUM-00028-00029).

On January 28, 2011, Appellant filed a complaint alleging a violation of the catchall provision of the UTPCPL and asserting claims of negligence and

negligence *per se*. Appellees filed a removal of the case to federal court, but the matter was remanded to the trial court shortly thereafter. Appellant filed an amended complaint on September 20, 2012, again alleging a violation of the UTPCPL along with the negligence claims. On October 19, 2012, Appellant filed a motion for class certification, and the trial court conducted a hearing on that motion on April 29, 2013. On July 25, 2013, the trial court entered an order denying Appellant's motion for class certification, and Appellant timely appealed.

As stated previously, on December 9, 2014, a panel of this Court affirmed the trial court's denial of class certification on Appellant's negligence claims but vacated its decision to deny class certification on the UTPCPL deceptive conduct claim. In doing so, the panel noted the trial court had concluded that Appellant's UTPCPL claim did not satisfy the commonality requirement of Rule 1702(2) because a plaintiff who brings a private cause of action under the UTPCPL must show reliance; thus, "class treatment of a UTPCPL claim sounding in fraud is inappropriate." **Baum, supra** at 11 (citing Trial Court Opinion, filed July 25, 2013, at 18). Reasoning that as Appellant's complaint specifically alleged **both** fraudulent and deceptive conduct on the part of Appellees under the UTPCPL's catchall provision, the panel determined the trial court's conclusion had been incorrect. **Baum, supra** at 11-12 (citing **Grimes v. Enterprise Leasing Co. of Phila., LLC**, 66 A.3d 330 (Pa.Super. 2013); **Bennett v. A.T. Masterpiece Homes at**

*Broadsprings, LLC*, 40 A.3d 145 (Pa.Super. 2013) for the proposition that to the extent a complaint alleges deceptive conduct under the catchall provision, a plaintiff need not show justifiable reliance to recover). Noting that the trial court had not given further consideration to the other Rule 1702 factors due to its erroneous conclusion and that this Court will not in the first instance make findings of fact and conclusions of law regarding such factors, the panel concluded the best course of action was to vacate the trial court's order in part and remand for further proceedings. *Baum, supra* at 12-13.

The trial court heard argument on February 18, 2015, and thereafter, entered a second order on March 27, 2015, denying class certification on Appellant's UTPCPL deceptive conduct claim. Appellant filed a timely appeal on April 2, 2015, and now presents the following issues for our review:[6]

> 1. Whether the lower court improperly denied [Appellant's] motion to certify the class for deceptive conduct under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL").

> 2. Whether the lower court abused its discretion when, in deciding [Appellant's] motion for class certification under the UTPCPL's deceptive conduct provision, it ignored the *prima facie* and uncontradicted evidentiary showing that the member ID numbers used by [Appellees] Keystone Mercy Health Plan ("Keystone") and AmeriHealth Mercy Health Plan ("AmeriHealth," and collectively the "[Appellees]") are "explicit identifiers" under HIPPA, that they can be used to identify an individual insured

---

[6] The trial court did not order, and Appellant did not file, a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

and confidential information about that individual, and that [Appellant] and each putative class member is [sic] subject to identity theft or loss of privacy as a result of [Appellees'] deceptive conduct.

3.    Whether the lower court abused its discretion when, in deciding [Appellant's] motion for class certification under the UTPCPL's deceptive conduct provision, it held that "no evidence on the record [supports] a claim of 'confusion and misunderstanding' because there is no evidence that [Appellees] lost anything that [Appellant] claims [Appellees] promised to protect" (A14).

4.    Whether the lower court violated the class action rule requirements and abused its discretion when, in deciding [Appellant's] motion for class certification under the UTPCPL's deceptive conduct provision, it held that:  (i) [Appellant] never directly "purchased, leased, or gave **any** consideration at all for the policy covering his daughter" (A16); and (ii) "the record does not support [Appellant's] claim to an 'ascertainable loss.'  There is no evidence of a calculable value for the lost data" (*id.*).

5.    Whether the lower court abused its discretion when, in deciding [Appellant's] motion for class certification under the UTPCPL's deceptive conduct provision, it found that [Appellant] is atypical and inadequate to represent the class and that certification of the class is not a fair and efficient method of resolution.

Appellant's Brief at 4-5 (emphasis in original).

Our Supreme Court has set forth our well-settled standard of review and detailed the relevant law concerning certification of class actions as follows:

Class certification presents a mixed question of law and fact. The trial court is vested with broad discretion in deciding whether an action may be pursued on a class-wide basis and, where the court has considered the procedural requirements for class certification, an order granting class certification will not be

disturbed on appeal unless the court abused its discretion in applying them. ... The existence of evidence in the record that would support a result contrary to that reached by the certifying court does not demonstrate an abuse of discretion by that court. In deciding whether class action procedural requirements were misapplied[,] or an incorrect legal standard was used in ruling on class certification, we review issues of law subject to plenary and *de novo* scrutiny.

For the trial court, the question of whether a class should be certified entails a preliminary inquiry into the allegations of the putative class and its representative, whose purpose is to establish the identities of the parties to the class action. Pa.R.C.P. [ ] 1707 cmt. ( [providing that the] certification process "is designed to decide who shall be the parties to the action and nothing more"). As a practical matter, the trial court will decide whether certification is proper based on the parties' allegations in the complaint and answer, on depositions or admissions supporting these allegations, and any testimony offered at the class certification hearing. *See* Pa.R.C.P. [ ] 1707 cmt. ...

Pursuant to Pennsylvania's civil procedure rules, the trial court may allow a representative to sue on behalf of a class if, the class is numerous [ ]; there are questions of law or fact common to the class ("commonality"); the claims of the representative are typical of the class ("typicality"); the representative will fairly and adequately protect the interests of the class [ ]; and a class action is a fair and efficient method for adjudicating the parties' controversy, under criteria set forth in Rule 1708. Pa.R.C .P. [ ] 1702.... The class "is in the action until properly excluded" by, e.g., an order of court refusing certification or an order de-certifying the class. Pa.R.C.P. [ ] 1701(a) & cmt[.]

During certification proceedings, the proponent of the class bears the burden to establish that the Rule 1702 prerequisites were met. The burden is not heavy at the preliminary stage of the case.... It is essential that the proponent of the class establish requisite underlying facts sufficient to persuade the court that the Rule 1702 prerequisites were met.

***Samuel–Bassett v. Kia Motors Am., Inc**.,* 34 A.3d 1, 15–16 (Pa. 2011)

(some citations, quotation marks, and brackets omitted).

- 10 -

The UTPCPL explicitly permits a private cause of action. *See* 73 P.S. § 201-9.2(a). Herein Appellant sought to certify a class upon a claim of deceptive practices under the catchall provision of the UTPCPL which prohibits one from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa.C.S. § 201-2(4)(xxi).[7] In accordance with this Court's directive, on remand the trial court applied the Rule 1702 requirements for class certification to Appellant's claim and in doing so initially determined the numerosity requirement of Rule 1702(1) had been met, a finding Appellees did not contest. Trial Court Opinion, filed March 25, 2015, at 11. Also, in analyzing whether there were common issues of law or fact under Rule 1702(2) as it pertains to Appellant's claim Appellees had engaged in "deceptive or unfair conduct," the trial court considered Appellant's assertions in his Complaint that while Appellees informed him his child's information would be protected from disclosure, in fact, it had not been encrypted and was stored on a flash drive that was lost. Finding that Appellant's allegations related to Appellees' common course of conduct relative to all class members and mindful that

---

[7] Specifically, Appellant alleged in his First Amended Complaint that Appellees "[e]ngag[ed] in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding under § 201-2(4)(xxi) because [Appellees] created confusion or misunderstanding about the supposed safeguards [Appellees] purportedly had in place to ensure that the [personal health information] of [Appellant] and the Class was adequately protected." *See* First Amended Complaint, filed September 20, 2012, at ¶ 33(b).

individualized determinations as to damages, without more, will not defeat the commonality requirement, the trial found Appellant had satisfied this element. *Id.*, at 12-14. Understandably, the trial court did not consider whether Appellant and other members of the class would need to show justifiable reliance in order to recover under the catchall provision.

Next, the trial court considered whether Appellant's assertions that Appellees' course of conduct in failing to comply with their promises and their legal obligation to protect the data satisfied the "typicality" requirement under Rule 1702(3) and created "confusion and misunderstanding," an element of a cause of action under UPTCPL. Stressing Appellees had pledged to protect any information it possessed that would allow someone to identify and learn about an insured's health and the record herein revealed that any information contained on the flash drive would not identify his Appellant's daughter, the trial court determined Appellant could not claim to represent those class members who did lose such data and, therefore, may have been subjected to a deception. *Id*. at 14-15. The trial court also questioned Appellant's standing to bring a private action under the UTPCPL as it pertained to a determination of "typicality" under Rule 1702(3) because he did not purchase his daughter's policy or suffer an "ascertainable loss." Trial Court Opinion, filed March 25, 2015, at 16-17 (citing 73 Pa.C.S. § 201-9.2(a)).

The trial court further found that although no evidence suggested counsel cannot adequately represent the interests of the class or that there are inadequate resources to bring the cause of action, the adequacy of representation requirement had not been satisfied herein to the extent that individual issues predominate over a common one; therefore, the court held Appellant will not fairly and adequately assert and protect a class interest under Rules 1702(4) and 1709. Trial Court Opinion, filed March 25, 2015, at 17-18.

Finally, the trial court analyzed whether class certification would be a fair and efficient method of resolving the underlying dispute under Rules 1702(5) and 1708. Referencing its prior findings pertaining to typicality and standing, the trial court stated that such individual concerns predominate over any common issues of liability. For the foregoing reasons, the trial court denied Appellant's motion for class certification on his claim of deceptive practices under the UTPCPL's catchall provision.

Shortly after the prior panel of this Court remanded the instant matter for further proceedings consistent with its memorandum opinion, in reliance upon prior decisions of our Supreme Court, this Court clarified in a published opinion that "justifiable reliance is an element of **all** private claims under the UTPCPL." **Kern v. Lehigh Valley Hosp.**, 108 A.3d 1281, 1287 (Pa.Super.

2015) (emphasis added).[8]  In **Kern**, this Court rejected what we deemed to be the core of the appellant's claim therein that the element of justifiable reliance is applicable only to a claim of fraudulent conduct and in doing so reasoned as follows:

> In **Grimes [v. Enter. Leasing Co. of Pennsylvania, LLC,** 66 A.3d 330 (Pa. Super. 2013), rev'd on other grounds, ___ Pa. ____, 105 A.3d 1188 (2014)][9], we were confronted with the issue of whether the trial court erred in finding a plaintiff could not prevail on her UTPCPL claim because she did not allege a misrepresentation with respect to the deceptive conduct alleged in her complaint. Citing **Bennett v. A.T. Masterpiece Homes At Broadsprings, LLC**, 40 A.3d 145 (Pa.Super. 2012), we held the plaintiff need not allege a misrepresentation because any deceptive conduct alleged under the catchall provision of the UTPCPL would be sufficient to state a private cause of action. This Court's passing reference in a footnote that plaintiff need not allege justifiable reliance was stated in the context of explaining that plaintiff need not prove the elements of common law fraud in an action that alleges deceptive conduct. Within days of our decision in **Grimes**, we decided **DeArmitt[v. New York Life Ins. Co.,** 73 A.3d 578 (Pa.Super. 2013)]**,** citing our Supreme Court's decision in **Toy[v. Metro. Life Ins. Co.,** 593 Pa. 20, 928 A.2d 186 (2007)]**,** where we reaffirmed a UTPCPL plaintiff still must prove justifiable reliance and causation in a private action, because our legislature never intended to do away with traditional common law elements of reliance and causation in an UTPCPL action. Our decisions in **Grimes** and **DeArmitt**, therefore, are not inconsistent with the decisions of our Supreme Court in **Weinberg** and its progeny. . . .  At the core of Appellant's argument is his belief the element of

---

[8]  Significantly, Appellant fails to address this decision in either his Appellant's Brief or in his Appellant's Reply Brief.

[9] Given its conclusion, our Supreme Court in **Grimes** declined to address the issue of "whether a private plaintiff who alleged deceptive conduct under the UTPCPL's 'catchall' provision need not plead or prove justifiable reliance." **Id**. at 1192, n.3.

justifiable reliance only is a product of fraudulent conduct. Appellant fails to recognize that the element of justifiable reliance under the UTPCPL is the product of both (a) the Legislature's intent not to do away with traditional elements of reliance and causation under the UTPCPL, and (b) the express provision under 201–9.2 that requires a private action plaintiff to prove an "ascertainable loss ... *as a result of* the use or employment by any person of a method, act or practice declared unlawful" under Section 201–3 the UTPCPL. 73 P.S. § 201–9.2(a) (emphasis added). *See also Weinberg, Schwartz, supra.* **Accordingly, the element of justifiable reliance always was a part of private actions under the statutory language of the UTPCPL. Amendments in 1996 that added deceptive conduct to the catchall provision simply included other conduct that did not require proof of all elements of common-law fraud. *See Bennett, supra*.**

Consistent with the foregoing cases, we conclude that the trial court here was correct in its determination that justifiable reliance is an element of private actions under Section 201–9.2 of the UTPCPL. As such, Appellant had to demonstrate that he and all prospective class members justifiably relied on Appellee's alleged violations of the UTPCPL and, as a result of those alleged violations, suffered an ascertainable loss.

*Kern, supra* at 1289-90 (footnotes omitted) (italics in original) (bold emphasis added).

In our prior memorandum decision in the matter *sub judice*, we concluded the trial court had not abused its discretion when it denied Appellant's motion for class certification of his claim under the UTPCPL's catchall provision regarding fraudulent conduct. *Baum*, *supra* at 13. In light of *Kern* and upon a review of the trial court's additional findings of fact and conclusions of law on remand, we further find the trial court did not abuse its discretion in denying Appellant's motion to certify the class to the extent it alleged deceptive conduct under the UTPCPL's catchall provision.

In **Kern**, this Court held a plaintiff bringing a private cause of action under the UTPCPL must show reliance. As such, Appellant had to demonstrate that he and all prospective class members justifiably had relied upon the Appellees' alleged violations of the UTPCPL and suffered an ascertainable loss as result of those alleged violations. The trial court herein previously found Appellant's UTPCPL claim sounding in fraud did not satisfy the commonality requirement of Pa.R.A.P. 1702(2) because a plaintiff asserting a private action under the UTPCPL must show reliance, and, as such, class treatment of a claim sounding in fraud is inappropriate. Trial Court Opinion, filed July 25, 2013, at 18. However, operating under a pre-**Kern** analysis of this Court that justifiable reliance is not an element of claims pertaining to deceptive conduct brought under the UTPCPC, the trial court avoided such a holding on remand and consistent with our December 7, 2014, memorandum decision considered the other Rule 1702 factors as they relate to Appellant's UTPCPL deceptive conduct claim in its March 25, 2015, Opinion and Order. In this regard, as is noted **supra**, when applying Rule 1702(2) to the within the matter, the trial court determined it invited a finding of commonality. Trial Court Opinion, filed March 25, 2015, at 13-14. To the extent that this finding conflicts with this court's holding in **Kern**, the trial court abused its discretion.

However, the trial court has broad discretion to determine whether class certification is warranted, and it otherwise carefully considered the

numerosity, typicality, adequacy of representation, and fair and efficient method of adjudication requirements for class certification under Rule 1702 and found the class action requirements were not met. Trial Court Opinion, filed March 25, 2015 at 11-20. In addition, it also aptly detailed its reasons for finding a class action is not a fair and efficient method of adjudication under Rule 1708(a)(6). *Id*. at 19-20.

Discerning no abuse of discretion in its determination, we would affirm the trial court's order denying class certification on the basis that the third, fourth and fifth requirements of Rule 1702 have not been met.[10] As such, we will not disturb the trial court's ruling on Appellant's motion for class certification under Rule 1702.[11]

Order affirmed.

Judge Olson and Judge Ott Concur in the Result.

---

[10] By its plain terms, Rule 1702 requires a plaintiff to satisfy all five criteria for a class certification to be proper.

[11] This Court may affirm an order of the trial court on any basis. ***Wilkinsburg v. Sanitation Dep't of Wilkinsburg***, 345 A.2d 641 (Pa. 1975).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/2016</u>