406 A.2d 329

PENNSYLVANIA LABOR RELATIONS BOARD

v.

WILLIAMSPORT AREA SCHOOL DISTRICT and Williamsport Education Association, Appellant at No. 574.

PENNSYLVANIA LABOR RELATIONS BOARD, Appellant at No. 575

v.

WILLIAMSPORT AREA SCHOOL DISTRICT and Williamsport Education Association.

Supreme Court of Pennsylvania.

Argued April 24, 1979.

Decided Oct. 1, 1979.

William A. Hebe, Wellsboro, for appellant in 574 and for intervening appellee in 575.

Spencer, Gleason & Hebe, Wellsboro, for appellant in 574.

James L. Crawford, Forest N. Myers, James F. Allmendinger, Harrisburg, for appellee, Pennsylvania Labor Relations Bd. in 574 and for appellant in 575.

Paul W. Reeder, Elliot Newman, Williamsport, for appellee, School Dist. in both cases.

Michael I. Levin, Harrisburg, for amicus curiae, Pa. School Boards Ass'n in both cases.

Anthony D. Newman, Harrisburg, for amicus curiae in 574.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

In this appeal, we are again asked to decide the propriety of unilateral changes made by a school district in the terms and conditions of employment of its professional employees. Although presented in a somewhat different factual posture, the issue is substantially similar to the one recently before this Court in *Appeal of Cumberland Valley School District*, 483 Pa. 134, 394 A.2d 946 (1978) and we conclude that the resolution of the matter is controlled by that decision.

A collective bargaining agreement between appellant, Williamsport Education Association (Association), the collective bargaining representative for the teachers of the appellee, Williamsport Area School District (District) expired on June 30, 1974. About six months prior to the expiration of the contract, the parties initiated collective bargaining concerning a new contract. When the parties failed to reach agreement, the Association called a strike which began on September 6, 1974. Several citizens initiated legal action requesting a court injunction ordering the Association and its members to return to work. On October 3, 1974 a preliminary injunction was issued by the Court of Common Pleas of Lycoming County ordering the teachers to return to work and to report to the court concerning the status of continuing negotiations. The injunction provided that the teachers were to return to work under the terms and conditions of the last collective bargaining agreement in effect between the parties. The court took under advisement a challenge by the Association to the court's jurisdiction based on the Association's argument that the injunction had not been requested by the District, the public employer under the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, No. 195, art. X § 1003, 43 P.S. § 1101.1003, commonly referred to as Act 195.

The Association obeyed the court order and returned to work. On November 5, 1974, about one month later, the trial court determined that it did not have jurisdiction because the public employer had not sought the injunction and dismissed the complaint filed. Although as of the time of the trial court's order on November 5, 1974, the preliminary injunction was no longer in effect, the Association maintained the status quo by remaining at work. On or about November 18, the Association adopted what the parties have referred to as a "Work to Rule" policy. The notice sent by the Association to its members explained that the members were to adhere to the provisions of the old contract. The notice said " 'work to rule' simply means doing only that which is required by the contract."

On November 19 and 20, certain teachers did not attend a faculty meeting, a guidance staff meeting, and a parent-teachers' association meeting. The following day, November 21, 1974, these teachers were informed by the District that their absence was unexcused and constituted a neglect of duty. They were also notified that repeated absences could result in severe disciplinary action including dismissal. Disciplinary letters were placed in the personnel files of these teachers. A one-day strike resulted on that day after which the Association members returned to work. About a week later on November 27, 1974, because of the disciplinary notices placed in the personnel files of the teachers, the Association filed a grievance pursuant to the terms of the collective bargaining agreement. Several weeks later, on December 10, 1974, the superintendent of the district notified the Association that although he was willing to meet informally to discuss the matter, the grievance filed would not be processed since the District was not obligated to maintain the grievance procedure outlined in the collective bargaining agreement since that agreement had expired on June 30, 1974. The Association then presented the grievance to the District's school board receiving in effect the same response received earlier from the superintendent.

On July 14, 1975, the Association filed unfair labor practice charges against the District before the Pennsylvania Labor Relations Board. Following a hearing the Labor Board concluded that the District had committed unfair labor practices under Section 1201(a)(1) (interfering, restraining, or coercing employees in the exercise of their rights guaranteed under Act 195) and Section 1201(a)(5) (refusing to bargain collectively in good faith) of the Public Employe Relations Act. The Labor Board ordered remedial action which in effect required the Board to process the grievance filed in accordance with the collective bargaining agreement between the parties. On appeal to the Court of Common Pleas the Labor Board's order was affirmed. In a subsequent appeal to the Commonwealth Court, however, the order of the trial court was reversed, in effect setting aside the Labor Board's order that the District had committed an unfair labor practice. *Pennsylvania Labor Relations Board v. Williamsport Area School District*, 29 Cmwlth. 351, 370 A.2d 1241 (1977). We then granted the Association's petition for allowance of appeal.

The Commonwealth Court based its decision on the fact that the collective bargaining agreement between the parties expired on June 30, 1974 and, therefore, the District was not bound by the terms of the collective bargaining agreement. In *Appeal of Cumberland Valley, supra*, we extensively discussed the limitations on the employer's right to implement unilateral changes after the expiration of the collective bargaining agreement. There is no need to repeat that discussion here except to point out that we agreed with the wisdom of federal law that finds unilateral changes in the terms and conditions of employment by the employer, after the expiration date of the collective bargaining agreement, disruptive of labor peace which the Pennsylvania Employe Relations Act seeks to foster in the same manner as the National Labor Relations Act. We repeat what we said in *Cumberland Valley*:

"The policy underlying this proposition was well-stated in *Hinson v. NLRB*, 428 F.2d 133 (8th Cir. 1970):

'The spirit of the National Labor Relations Act and the more persuasive authorities stand for the proposition that, *even after expiration of a collective bargaining contract*, an employer is under an obligation to bargain with the Union before he may permissibly make any unilateral change in those terms and conditions of employment comprising mandatory subjects of bargaining.' (Emphasis in original.)

The Court went on to explain that the employer's duty to bargain arose

' . . . *not by reason of the contract itself but . because of the dictates of the policy embodied in the National Labor Relations Act.*' (Emphasis in original.) 428 F.2d at 138.

In this case, the District cancelled payments to the Association members while collective bargaining was in process. The coercive effect of the unilateral cancellation of benefits during the collective bargaining process is obvious. The bargaining authority of the union to freely bargain is seriously undermined."

*Appeal of Cumberland Valley, supra*, 483 Pa. at 142, 394 A.2d at 951.

In the case before us the Labor Board concluded:

"In the absence of a showing that the provisions at issue were the subject of bargaining impasse in the negotiations for a new contract, these old provisions [of the collective bargaining agreement relating to the grievance procedure] remain in force." (R. 182a).

The Labor Board is delegated the exclusive function to decide cases arising under the Public Employe Relations Act in the first instance, 43 P.S. § 1101.501 (Supp.1978–79) and correspondingly we have said that:

" ' . . . [this Court] will not lightly substitute its judgment for that of a body selected for its expertise whose experience and expertise make it better qualified than a court of law to weigh facts within its field.' *Pennsylvania Labor Relations Board v. Butz*, 411 Pa. at 377, 192 A.2d at 716."

*Appeal of Cumberland Valley, supra,* 483 Pa. at 140, 394 A.2d at 949.

As in *Cumberland Valley, supra,* we agree with the Board that the District in this case attempted a unilateral change in the terms and conditions of employment while the Association members were at work and negotiations had not reached any impasse concerning the matter unilaterally changed by the District. To allow such unilateral changes from the status quo is not to foster labor peace. "The coercive effect of the unilateral [changes] is obvious. The bargaining authority of the [association] to freely bargain is seriously undermined." *Appeal of Cumberland Valley, supra,* 483 Pa. at 143, 394 A.2d at 951.

It is true that in this case, the Association, unlike the employe representative in *Cumberland Valley,* interrupted the status quo on two occasions after the expiration dates of the collective bargaining agreement—the original strike and the later one-day strike. For those strike periods the Association is properly penalized by not being paid for not working. These interruptions, however, are not significant in disposing of the matter before us. The fact remains that at the time the Association filed its grievance there was no strike in progress and there was no collective bargaining impasse. To hold that the parties are not bound under such circumstances to continue the employment relationship under the terms and conditions of employment last agreed upon is to leave a void by saying that there are no terms and conditions of employment which must be followed while the Association members *are working.* The potential for disruptions in the collective bargaining process would be high indeed.

The collective bargaining process is fundamental to the policies of Pennsylvania's Public Employe Relations Act, 43 P.S. § 1101.701 (Supp.1978–79). Under Section 701:

"Collective bargaining is the performance of the mutual obligation of the public employer and the representative of public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms

and conditions of employment . . . " 43 P.S. § 1101.-701 (Supp. 1978–79).

Good faith collective bargaining would be impossible if the status quo as to the terms and conditions of employment were not maintained while the employes continue to work. *Appeal of Cumberland Valley, supra.* The Pennsylvania Labor Relations Board correctly concluded that the District engaged in an unfair labor practice within the meaning of Sections 1201(a)(1) and (5) of the Pennsylvania Public Employe Relations Act.

The appellee in this case has also presented a motion to quash the appeal arguing that the Pennsylvania Labor Relations Board did not have subject matter jurisdiction. We have examined this contention and find it to be without merit. *Appeal of Cumberland Valley, supra.*

The order of the Commonwealth Court is reversed and the order of the Court of Common Pleas of Lycoming County refusing to set aside the order of the Pennsylvania Labor Relations Board, and the order of that Board are hereby affirmed.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. This case is not ripe for decision since the Pennsylvania Labor Relations Board has not determined whether the teachers, by not attending the faculty, guidance staff, and parent-teachers' association meetings, violated the contract in question. The case should be remanded to the Pennsylvania Labor Relations Board.

Further, since the contract had, in fact, expired, the school district was under no obligation to process the teachers' grievance. This Court held in *Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978) that after a contract has expired, an employer can not make unilateral changes in such terms and conditions of employment as wages, health and life insurance benefits, and tuition reimbursements. *Cumberland Valley* does *not* require an em-

ployer to maintain a grievance process after the termination of a contract.