Danville Education Association, Appellant *v.* Danville Area School District, Appellee.

Argued September 12, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BLATT, sitting as a panel of three.

*Peter J. O'Brien, O'Brien and Miller,* for appellant.

*O. William Vanderlin, McNerney, Page, Vanderlin & Hall,* for appellee.

OPINION BY JUDGE BLATT, November 7, 1983:

The Danville Education Association (association) appeals here that part of an order of the Court of Common Pleas of the Twenty-Sixth Judicial District (Montour County Branch) which vacated an arbitrator's award of money damages to the members of the association.

At the beginning of the 1980-81 school year, the Danville Area School District (school district) unilaterally increased the working day for professional employees of the school district by 10 or 15 minutes. The association claimed that this action violated the employment contract between the parties and therefore filed a grievance with the school district. The school district denied the grievance and, pursuant to the employment contract, the association next submitted the grievance to arbitration. The arbitrator concluded that the school district had violated the contract and ordered a return to the work schedule previously in effect. The decision, however, was not rendered until June, 1981 and, in light of the fact that the association's members had then worked one full

school year under the longer schedule, the arbitrator evidently wanted to make the association's members whole and ordered compensation for the additional hours worked at the established hourly rate. The school district sought relief from the arbitrator's award in the common pleas court, where the court affirmed the arbitrator's determination of a violation of the contract and his ordering of a return to the previous work schedule, but vacated his award of money damages. The association then filed the instant appeal.

The only issue raised here, which is purely an issue of law, is whether or not the arbitrator exceeded his authority by awarding monetary damages to the association's members. The school district argues, and the common pleas court so held, that the award of compensation was merely advisory because the awards of arbitrators in public employee labor disputes cannot interfere with the governmental taxing authority. *See Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980). In *Franklin County Prison Board,* our Supreme Court held that, where an arbitrator's award would infringe on the legislative power of the General Assembly or that of the legislative body of a political subdivision of the Commonwealth, as where an appropriation of funds or a levying of taxes is required by the award, the award is invalid under Art. III, §31 of the Pennsylvania Constitution as an attempted delegation of legislative power to a non-legislative body. As applied here, the school district argues that the arbitrator's award would require a levying of taxes and hence implementation of the award would violate the constitutional principle of separation of powers as explained in *Franklin County Prison Board.*

The association, on the other hand, argues that *Franklin County Prison Board* is distinguishable from the case at bar, and that the common pleas court erred as a matter of law by relying upon it. *Franklin County Prison Board* involved the interpretation of a specific section of the Public Employe Relations Act[1] which requires binding arbitration instead of the right to strike where labor *negotiations* have reached an impasse. The statute further provides that, should any arbitrator's decision require legislation, then the decision would be considered advisory only. Here, however, we are not concerned with Section 805 of Act 195 or with a negotiation process, but rather with a grievance dispute. And, as noted by the Supreme Court in *Association of Pennsylvania State College and University Faculties v. Commonwealth* (APSCUF), 496 Pa. 315, 436 A.2d 1386 (1981), the concepts of negotiation and arbitration are entirely distinct and dissimilar. In rejecting the Commonwealth's argument there that an award was merely advisory, the Supreme Court stated in *APSCUF* that Section 804 of Act 195, 43 P.S. §101.804[2] was not intended to render arbitration awards advisory as to all parties and all purposes, but rather to memorialize the obvious notion that an arbitrator cannot bind the legislature, which has the ultimate discretion over appropriations for pay increases.

After reviewing the above-cited cases, we agree with the association that the common pleas judge erred in vacating the award. The reasoning in *Franklin County Prison Board* is not to be applied in a situation where, as here, an arbitrator merely awards to

---

[1] Section 805 of the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.805.

[2] Section 804 contains language relating to advisory awards that is similar in most respects to Section 805.

a group of grievants that amount which will make them whole.[3]  Here the teachers had to work the added time for an entire school year.  The arbitrator's decision to order a return to the prior schedule was clearly an appropriate remedy, but, however, to remedy the situation completely, an award of backpay was clearly appropriate as well.  We note, moreover, as a general principle of this area of the law, that the parties here bargained for and contracted for the arbitrator's detached, impartial solution to the problem. And with regard to a proper remedy, the arbitrator should be given latitude and flexibility.  *United Steel Workers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593 (1960).  Furthermore, this Court has, on previous occasions, affirmed an arbitrator's award of overtime or backpay where the grievants were unilaterally required to work an additional period of time.  *See South Allegheny School District v. South Allegheny Education Association*, 25 Pa. Commonwealth Ct. 282, 360 A.2d 829 (1976); *City of Pittsburgh v. Cavanaugh*, 19 Pa. Commonwealth Ct. 399, 338 A.2d 695 (1975).

We will hold, therefore, that the arbitrator's award was derived from the essence of the employment contract,[4] *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981), was in accordance with law, and should not have been vacated. And we will reverse that portion of the common pleas

---

[3] Unlike *Franklin County Prison Board*, which involved negotiation of pay increases, this is a simple case of a labor grievance; only in the former case is legislative approval deemed necessary.

[4] The school district also argues that the arbitrator was not empowered to award money damages because that issue was not submitted to him. This argument is clearly without merit. The issue of money damages is related to the issue of the work schedule, and this issue was properly submitted to the arbitrator.

court order which vacated the award of money damages and remand the case with directions to reinstate the complete award, in all other respects, the order being affirmed.

ORDER

AND Now, this 7th day of November, 1983, the order of the Court of Common Pleas of the Twenty-Sixth Judicial District (Montour County Branch) in the above-captioned matter is hereby affirmed in part and reversed and remanded in part. The Court is hereby directed on remand to reinstate the arbitrator's award of money damages, but is affirmed in all other respects.

Jurisdiction relinquished.