520 A.2d 955

Greater Nanticoke Area School District, Appellant
*v.* Greater Nanticoke Area Education Association
and Commonwealth of Pennsylvania, Pennsylvania
Labor Relations Board, Appellees.

Argued November 19, 1986, before President Judge
CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE,
BARRY, COLINS and PALLADINO.

*Sheldon Rosenberg, Rosenberg & Ufberg,* for appellant.

*James P. Valentine, Rosenn, Jenkins & Greenwald,*
and *John J. Donahue, Herring & Donahue,* for appellee,
Greater Nanticoke Area Education Association.

*James L. Crawford,* for appellee, Pennsylvania Labor Relations Board.

OPINION BY JUDGE DOYLE, February 9, 1987:

This is an appeal by the Greater Nanticoke Area School District (District) from an order of the Court of Common Pleas of Luzerne County affirming an order of the Pennsylvania Labor Relations Board (Board) that instructed the District, *inter alia,* to proceed to arbitration on a grievance filed by the Greater Nanticoke Area Education Association (Union) on May 10, 1983.

The District and the Union entered into a collective bargaining agreement for the period from September 1, 1979 through August 31, 1982. As of the latter date, no new agreement had been reached by the parties. The District, however, unilaterally extended the terms of the bargaining agreement until a new agreement could be reached. The Union conducted a general strike on September 7, 1982 through October 7, 1982, on which date the hearing examiner found that the Union agreed to an extension of the terms and conditions of the old agreement. Subsequent to October 7, 1982, selective strikes were held on various days in February, March and April of 1983. On May 10, 1983, a date on which the Union was not engaged in any strike, it presented a class-action grievance to the district, alleging that on fifteen different dates the District had violated its collective bargaining agreement by closing all schools in the District and locking out the teachers on days involving only selective strikes. Thus, teachers who had reported to work at non-striking schools maintained that they had been locked out. The District refused to submit this grievance for arbitration and, accordingly, the Union filed an unfair labor practice charge with the Board asserting violations of Section 1201 of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L.

563, *as amended,* 43 P.S. §1101.1201. Specifically, the Union alleged that the District had interfered with, restrained, or coerced employees in violation of Section 1201(a)(1) of the Act and that the District had refused to bargain collectively in good faith in violation of Section 1201(a)(5) of the Act.

Before the hearing examiner, the District maintained that it had merely *offered* to extend the collective bargaining agreement and that its offer was conditioned upon no strikes occurring. The District thus asserted that when the September 7 strike occurred, the Union rejected the District's offer to continue under the existing terms and conditions of the agreement. Thus, the District posits that there was no collective bargaining agreement in effect at the time the alleged unfair labor practices arose and hence there is no requirement that the District proceed to arbitration. The hearing examiner, however, found that the Union had agreed to an extension of the terms and conditions of the agreement as of October 7, 1982. We hold that the collective bargaining agreement was extant and that this finding is supported by substantial evidence. Based upon his finding that the terms of the agreement were still in effect, the hearing examiner ordered that the matter be submitted for arbitration. Upon appeal the hearing examiner's determination was affirmed by the Board and the Board's order was later affirmed by the common pleas court.

On appeal to this Court, the *only* issue presented for our determination is whether a public employer under the Act can be found guilty of an unfair labor practice on the basis of its refusal to arbitrate grievances arising during the hiatus between collective bargaining agreements. This issue has been squarely decided in *Pennsylvania Labor Relations Board v. Williamsport Area School District,* 486 Pa. 375, 406 A.2d 329 (1979). In

*Williamsport,* teachers grieved the placing of disciplinary notices in their files based upon the teachers' compliance with a union adopted "work to rule" policy, which policy provided that the teachers do only those duties required by their contracts. The adoption of the work to rule policy and the teachers' half-hearted performance of their duties in accordance with that policy occurred subsequent to both the expiration of the collective bargaining agreement and a strike. When the teachers in *Williamsport* attempted to grieve the placement of the disciplinary notices in their files, the district asserted that it was not obligated to maintain the grievance procedure outlined in the collective bargaining agreement because that agreement had expired. The union filed an unfair labor practice charge with the Board alleging, *inter alia,* a refusal to bargain collectively in good faith. The Board ruled in favor of the union. This Court reversed and, on further appeal, the Pennsylvania Supreme Court reversed this Court and determined that the employer was obligated by law to arbitrate the grievance occurring during the hiatus period.[1] The *Williamsport* Court further noted that the refusal to arbitrate while the employees continued working constituted a unilateral change from the status quo[2] which would not foster labor peace, but would instead exhibit a coercive effect. In addition, the *Williamsport* Court stated:

---

[1] *See also Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978) (discussing limitations on employer's rights to implement unilateral changes after expiration of agreement).

[2] The right to resort to the grievance process for violations occurring subsequent to the expiration of a collective bargaining agreement has also been recognized in the context of unemployment compensation law. *See Grandinetti v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 133, 486 A.2d 1040 (1985).

The fact remains that at the time the Association filed its grievance there was no strike in progress and there was no collective bargaining impasse. To hold that the parties are not bound under such circumstances to continue the employment relationship under the terms and conditions of employment last agreed upon is to leave a void by saying that there are no terms and conditions of employment which must be followed while the Association members *are working.* The potential for disruptions in the collective bargaining process would be high indeed.

*Id.* at 381, 406 A.2d at 332. (Emphasis in original.)

As in *Williamsport,* the employees here were working when the grievance was filed. In addition, the hearing examiner in the instant case found that the parties had agreed to extend the provisions of the contract. Hence, the terms and conditions of the agreement were still applicable to them and the District acted improperly in refusing to honor the provision pertaining to arbitration.

The District in its brief relies heavily upon federal law to support its theory that once an agreement expires grievances arising subsequent to the expiration date need not be submitted to arbitration. The Board, however, points out that while under federal law the obligation to arbitrate is a matter of labor policy, under Pennsylvania law the obligation is statutory. *See* Section 903 of the Act, 43 P.S. §1101.903; *see also East Pennsboro Area School District v. Pennsylvania Labor Relations Board,* 78 Pa. Commonwealth Ct. 301, 311 n.2, 467 A.2d 1356, 1360 n.2 (1983). This being the case, reliance upon federal law for interpreting mandatory arbitration provisions of the Pennsylvania Act is misplaced.

Having determined that *Williamsport* is controlling in the instant case, we affirm the order of the Court of Common Pleas of Luzerne County.

ORDER

Now, February 9, 1987, the order of the Court of Common Pleas of Luzerne County, No. 4037 of 1984, dated January 23, 1986 is hereby affirmed.