541 A.2d 428

Midland Education Association, PSSPA/PSEA, Appellant *v.* Midland Borough School District, Appellee.

Argued March 24, 1988, before Judges MACPHAIL, COLINS, and MCGINLEY, sitting as a panel of three.

*William J. Maikovich,* for appellant.

*Richard E. Davis,* for appellee.

OPINION BY JUDGE MACPHAIL, May 16, 1988:

Appellant Midland Education Association (Association) appeals an order of the Beaver County Court of Common Pleas which vacated in part and affirmed in part an arbitrator's award issued pursuant to a grievance filed by the Association against Midland Borough School District (District).

The Association filed its grievance on April 14, 1986, under a collective bargaining agreement between the Association and the District which was in effect for the period September 1, 1984 through August 31, 1986. The dispute arose over a decision of the District to close certain schools and send students to a neighboring school district. This was to take effect in the 1986-1987 school year, which began on August 26, 1986. In the grievance, the Association alleged the following:

The Midland Area School District violated Articles I, IV, V, VII, and XIII of the Collective

Bargaining Agreement by their action of April 9, 1986 to tuition students in grades 7-12 to the Beaver Area School District.

The Association alleges that the tuitioning of students constitutes subcontracting of bargaining unit work. No bargaining with the Association has occurred prior to the District's reaching the decision to subcontract bargaining unit work. Accordingly, the decision to subcontract is in violation of the above cited provisions of the Collective Bargaining Agreement.

Reproduced Record (R.R.) at 19a.

The matter was assigned to an arbitrator, who, on November 5, 1986, issued the following award:

The grievance is granted. The District is hereby ordered to rescind its decision to subcontract and to bargain in good faith with the Association over the subject matter. The District shall make all of the Teachers adversely affected by its actions whole and return the work to Teachers within the Association no later than the 1987-88 school year.

Arbitration Opinion and Award at 8, R.R. at 14a. The District subsequently filed a petition to vacate, modify or correct the arbitrator's award with the court of common pleas. On March 31, 1987, the court entered an order which vacated the arbitrator's award except for the portion which directed the District to make the adversely affected teachers whole for the period August 26, 1986 through August 31, 1986 (the remaining days in the collective bargaining agreement at the start of the school year). The Association's appeal to this Court ensued.

As recognized by our Supreme Court, the scope of review of an arbitrator's award is highly circumscribed and the award will not be overturned if it draws its es-

sence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981).

> The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court.

*Id.* at 520-521, 424 A.2d at 1312-1313. This Court has stated that in reviewing an arbitrator's interpretation of an agreement, we must determine if the interpretation can in any rational way be derived from the agreement, viewed in light of the agreement's language, context, and any other indicia of the parties' intentions. *McKeesport Area School District v. McKeesport Area Education Association,* 56 Pa. Commonwealth Ct. 224, 424 A.2d 979 (1981).

The Association contends that the arbitrator's award in the case *sub judice* drew its essence from the collective bargaining agreement and that the trial court, therefore, erred in vacating the award. The District argues, on the other hand, that because the collective bargaining agreement is silent on the issue of subcontracting, the issue should not have been decided by the arbitrator.[1]

The court of common pleas did recognize that its review of the arbitrator's award included the determination of whether the subject matter of the dispute was covered by the terms of the collective bargaining agreement. *See* trial court's opinion at 3. The court, however,

---

[1] The District maintains that the matter should be decided by the Pennsylvania Labor Relations Board, where, according to the District, the case is pending.

never reached the issue of the arbitrability of the subcontracting issue inasmuch as it concluded that the arbitrator exceeded his authority in issuing an award which extended beyond the life of the collective bargaining agreement.[2]

We agree with the trial court's practical approach in reviewing the arbitrator's award. Although the Association's grievance arose during the life of the agreement, we can find no basis for concluding that the arbitrator had the authority to fashion a remedy which extended beyond August 31, 1986, the date on which the agreement expired. As noted previously, the award ordered the District to make the affected teachers whole and return them to work no later than the *1987-1988* school year. The common pleas court, accordingly, appropriately vacated the arbitrator's award insofar as it ordered relief beyond August 31, 1986.

Order affirmed.

ORDER

The order of the Beaver County Court of Common Pleas in the above-captioned proceeding is hereby affirmed.

---

[2] Our review of the collective bargaining agreement assures us that subcontracting would have been encompassed by its terms. Although "subcontracting" is not specifically included in the terms of the agreement, we believe the subject was covered by various provisions including clauses providing for recognition, wages and salary, conditions of employment and job security. See *Commonwealth v. State Schools and Hospitals Federation of Teachers*, 88 Pa. Commonwealth Ct. 57, 488 A.2d 404 (1985).