616 A.2d 633

**MIDLAND BOROUGH SCHOOL DISTRICT, Appellee,**

v.

**MIDLAND EDUCATION ASSOCIATION, PSEA, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 28, 1990.

Decided Nov. 13, 1992.

William J. Maikovich, Mary Catherine Frye, Pennsylvania State Educ. Ass'n, New Brighton, for appellant.

Bruce M. Ludwig, Philadelphia, amicus curiae, for Joint Bargaining Committee of the Pennsylvania Social Services Union and the Pennsylvania Employment Sec. Employees Ass'n.

Robert J. Masters, Thomas H. M. Hough, Beaver Falls, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

The present appeal concerns the propriety of the Commonwealth Court's decision 116 Pa.Cmwlth. 191, 541 A.2d 428 affirming the Order of the Beaver County Court of Common Pleas which, *sua sponte,* reversed, in part, an arbitrator's award providing for a remedy in favor of Midland Education Association which was to continue in effect well beyond the expiration date of the collective bargaining agreement between the two parties.

The specific facts surrounding the immediate controversy are as follows. Appellant, Midland Education Association, is the exclusive bargaining representative for purposes of collective bargaining on behalf of a bargaining unit comprised of the professional employees of Midland Borough School District, appellee herein. Appellant and appellee were parties to a two year collective bargaining agreement effective September 1, 1984, through August 31, 1986. On April 9, 1986, Appellee School District announced that it had entered into an agreement with the Beaver Area School District to send its seventh through twelfth grade students to the Beaver Area School District on a tuition basis. This agreement eliminated all teaching positions in grades seven through twelve in the Midland School District and transferred the students in those grades to the Beaver Area School District.

On April 14, 1986, Appellant filed a grievance challenging the District's decision to "tuition out" the students, and alleged that such action constituted "subcontracting out of bargaining unit work" and thus violative of the collective bargaining agreement. While the grievance was pending, the District implemented its decision to tuition out grades seven through twelve beginning August 26, 1986.

After an evidentiary hearing on August 25, 1986, the arbitrator selected by the parties sustained the grievance. The arbitrator ordered the Appellee to rescind its contract with the Beaver Area School District, ordered the Appellee to bargain in good faith with Appellant, and to make the affected teachers whole by returning the teachers to work no later than the 1987–88 school year.

Appellee then filed a Petition to Vacate, Modify or Correct the Arbitrator's Award with the Court of Common Pleas of Beaver County. The Court of Common Pleas held that the issue of subcontracting constituted "allocation of bargaining unit work" and was thus encompassed by the terms of the collective bargaining agreement; however, the court limited its affirmance of the arbitrator's award to the period from August 26, 1986, to August 31, 1986. The lower court vacated the arbitrator's rescission of the subcontracting agreement, the requirement that the appellee resume bargaining in good faith, and the order that appellee rehire and make whole the affected teachers no later than the 1987–88 school year. The Commonwealth Court affirmed the decision of the Court of Common Pleas and concluded that the arbitrator exceeded his authority in ordering post-expiration relief. *Midland Education Assoc. v. Midland Borough Sch. Dist.,* 116 Pa.Commw. 191, 541 A.2d 428 (1988).

Accordingly, we are now called upon to address the following two issues: first, whether the award of the arbitrator concluding that subcontracting out students constituted "allocation of bargaining unit work" was a proper exercise of his authority to resolve conflicts under a collective bargaining agreement that is silent on the issue of subcontracting; second, whether the arbitrator properly awarded a remedy which

extended beyond the expiration date of the collective bargaining agreement.

On the issue of whether an arbitrator may resolve an issue not expressly covered by the collective bargaining agreement, the appellant, Midland Education Association, maintains that the role of the judiciary in reviewing such an award is limited to determining whether the subject matter may in any rational way be seen as encompassed by the terms of the agreement. Once such a determination has been favorably made, appellant argues, judicial scrutiny of the resulting award must cease. Maintaining that this principle fosters the well-established policy favoring the resolution of labor disputes and questions of arbitrability by the arbitration process itself, appellant argues that deference must be given to the conclusions and awards of arbitrators in observance of the restrictions upon judicial scrutiny.

Conversely, the appellee, Midland Borough School District, argues that an arbitrator is limited to addressing those matters which are expressly encompassed in or contemplated by the collective bargaining agreement. Because the agreement at issue is silent with respect to the issue of subcontracting, appellee argues that an award based on such an issue must fail for not having been derived from the agreement.

On the matter of the first issue, whether the arbitrator had the authority to address the issue of subcontracting students, we find that the arbitrator's authority to address that issue drew its essence from the collective bargaining agreement, and therefore was a proper exercise of the arbitrator's authority.

In *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), one of the now famous *Steelworkers Trilogy* cases, the United States Supreme Court first enunciated the "essence test" as the appropriate standard of judicial review of labor arbitration awards. The Court, in arriving at this test, stated:

When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his

informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency. Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its *essence* from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

*Id.* at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428 (emphasis added). This Court expressly adopted the "essence test" in *Community College of Beaver County v. Community College of Beaver County, Soc'y of the Faculty (PSEA/NEA)*, 473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977). In *Leechburg Area Sch. Dist. v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981), we reinstated an arbitrator's decision to award full-time benefits to teachers who were laid off and then returned as substitutes. The Court applied the "essence test" in the following manner:

This so-called "essence" test draws its origins from federal decisional law which mandates judicial deference to an arbitrator's findings.

"It is the arbitrator's construction which was bargained for, and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court.

492 Pa. at 520–521, 424 A.2d at 1312–1313 (quoting *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. at 599, 80 S.Ct. at 1362, 4 L.Ed.2d at 1429) (footnote omitted).

In the case at bar, the collective bargaining agreement between the two parties contained no provisions expressly addressing subcontracting out of students by Appellee. However, the agreement contains provisions entitled *"VI. Hours of Work and Other Conditions of Employment,"* which expressly require that any changes in this area be agreed to by the parties, and *"VIII. Job Security and Job Progression,"* which deals with job security provisions as provided under the Pennsylvania School Code governing "the manner in which the job security, job progression and reduction in force practices shall be effected, with respect to members of the bargaining unit." Reproduced Record at p. 68a.

While we agree with Appellee that subcontracting out bargaining unit work was not expressly addressed by the agreement, we believe, based on the above provisions, that the agreement implicitly encompasses regulations regarding such activity. The net effect of Appellee's tuitioning out its students was to eliminate all teaching positions for those grades in its own district. That consequence necessarily impinged upon the teacher's job security and condition of employment provisions, which had been previously bargained for with the School District. In *Community College of Beaver County*, we stated that the arbitrator's determination of

> the intention of the contracting parties as evidenced by their collective bargaining agreement and the circumstances surrounding its execution ... is to be respected by the judiciary if "the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention...."

473 Pa. at 593–94, 375 A.2d at 1275 (quoting *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir.1969)). It is apparent that any activity by the school board that results in the elimination of jobs for Appellant's members necessarily conflicts with the provisions concerning job security, job progression, and conditions of employment contained in the

agreement. It would be an unacceptable strain of logic to conclude otherwise. We hold, therefore, that the authority of the arbitrator to decide the subcontracting issue properly and reasonably originated from the "essence" of the collective bargaining agreement.

Having determined that the subcontracting controversy was a proper one for the arbitrator to consider and resolve, we now address the validity of the arbitrator's remedy in order to provide a fair solution to the dispute. Although traditionally a great deal of deference is to be given to decisions of arbitrators, courts nonetheless have the obligation to review those decisions when properly called upon to do so. In this case the challenge raised is to the fundamental jurisdiction of the arbitrator and his power to implement a remedy which is to extend beyond the expiration of the controlling collective bargaining agreement. Thus, the question of jurisdiction presents an issue separate from, and not controlled by, the fundamental axiom that awards of arbitrators are of no concern for the courts. Specifically, it is claimed that the jurisdictional power of the arbitrator to issue the award in question became void as his powers automatically terminated upon the expiration of the very agreement from which his powers derived. Consequently, it is maintained, any remedy designed to remain in effect beyond the August 31, 1986 expiration of the collective bargaining agreement is necessarily a nullity, lacking any force or effect.[1]

1. As noted earlier, after an evidentiary hearing on April 16, 1986, the arbitrator sustained Appellant's grievance and ordered the school district to rescind its subcontract with the neighboring school district, ordered the Appellee to bargain in good faith with Appellant and to make the teachers whole by returning them to their work no later than the 1987–88 school year. The duration of the collective bargaining agreement, however, terminated on August 31, 1986. Since the Appellee's subcontract with the other school district became effective on August 26, 1986, the Commonwealth Court limited its affirmance of the arbitrator's award to the five day period from August 26, 1986 to August 31, 1986. The Commonwealth Court in affirming the decision of the Court of Common Pleas concluded that the arbitrator exceeded his authority in ordering relief which continued beyond the lifetime of the collective bargaining agreement.

Appellant claims that numerous cases applying both Federal law and Pennsylvania law have in the past allowed for an arbitrator to order post-expiration relief. The presence of this authority, which has allowed for differing forms of remedies to remain in effect beyond the expiration of the related agreements, is argued to demonstrate the viability of the concept allowing contractual rights to survive beyond contract expiration. Appellant further asserts, on policy grounds, that the employer's statutory duty to bargain in good faith must be enforced before an employer unilaterally terminates its employees or the protections provided through a collective bargaining agreement are rendered illusory.

Appellee responds by suggesting that none of the case law cited by the Appellant, sustaining awards of post-expiration relief, provides a form of relief similar to that sought by Appellant herein. Enforcement of the award issued by this arbitrator would require Appellee to reopen an already closed facility and resume teaching grades seven through twelve again. Additionally, it is argued that since the arbitrator derives his authority from the agreement itself, such authority necessarily expires with the agreement. An arbitrator may not, therefore, mandate compliance with a remedy awarded which exceeds the life of the contract, nor may he issue an award which requires exceeding the boundaries of authority granted him under the collective bargaining agreement as such an award cannot be deemed to represent a reasonable interpretation of the collective bargaining agreement. *See County of Centre v. Musser*, 519 Pa. 380, 548 A.2d 1194 (1988).

In the seminal case of *Enterprise Wheel and Car Corp., supra*, relied on heavily by Appellant, the United States Supreme Court addressed the developing concern regarding judicial review of the arbitration process generally. The Court considered a matter where an arbitrator ruled that the suspension and discharge of a group of employees was in violation of the collective bargaining agreement and ordered reinstatement and back pay. The arbitrator rejected the argument that his award was barred by the expiration of the collective bargaining agreement between the time of the dis-

charge of employees and the time of his award. The employees thus sought enforcement of the award in the United States Court of Appeals for the Fourth Circuit upon the employer's refusal to comply with the award. The Court of Appeals held that the arbitrator's award for back pay and reinstatement subsequent to the expiration date of the collective bargaining agreement was unenforceable. In reversing the Court of Appeals and reinstating the arbitrator's award the United States Supreme Court stated:

> [T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*Enterprise Wheel and Car Corp.,* 363 U.S. at 599, 80 S.Ct. at 1358, 4 L.Ed.2d at 1429.

In *The Steelworker Trilogy* cases, the Court resolved the issues presented within the context of the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.* (1988), a federal question which is technically inapplicable for our purposes herein.[2] Additionally, we agree with Appellee that the facts of the case instantly before us and their chronology are sufficiently distinguishable from those in *Enterprise.* In *Enterprise* the employees were awarded quantifiable and appropriate remuneration and re-employment as compensation for being improperly discharged. That portion of the award, which continued beyond the agreement's expiration, was affirmed because of the Court's deference to the role of arbitration in resolving public labor disputes and due to the *reasonableness of the remedy based upon the contract involved.* While we applaud the outcome in *Enterprise,* based upon its facts, we do not believe that its holding controls, in its entirety, the matter *sub judice.*

---

**2.** However, decisional law which interprets the Labor Management Relations Act may be looked to for guidance by this Court when we are considering similar provisions of Pennsylvania labor legislation. *Appeal of Cumberland Valley Sch. Dist.,* 483 Pa. 134, 394 A.2d 946 (1978); *Borough of Wilkinsburg v. Sanitation Dept. of Borough of Wilkinsburg,* 463 Pa. 521, 345 A.2d 641 (1975).

To reiterate, the remedy awarded by the arbitrator would require Appellee School District to re-open an already closed school and re-employ any teachers who so desire by the 1987–88 school year. This cannot be approved because the collective bargaining agreement and all rights, duties, and powers flowing from it expired in August, 1986.

Appellant cites to the case law of this Commonwealth which has in the past upheld the appropriateness of certain arbitration remedies which have remained in effect beyond the expiration of their various agreements. In *Appeal of Cumberland Valley Sch. Dist.*, 483 Pa. 134, 394 A.2d 946 (1978), we held that *so long as good faith negotiations remained in progress* between the contracting parties, an employer may not terminate the benefits of employees even though the collective bargaining agreement has expired. The following year, in *PLRB v. Williamsport Area Sch. Dist.*, 486 Pa. 375, 406 A.2d 329 (1979), we held that even after the collective bargaining agreement between the school district and the teachers association had expired, it was an unfair labor practice for the school district to unilaterally refuse to engage in grievance procedure while *association members were at work and while negotiations had not reached any impasse* concerning those areas unilaterally changed by the district.

We find that the circumstances of the instant case, including the nature of the remedy sought to be imposed, as too dissimilar from those in *Williamsport* and *Cumberland Valley* for our decision today to be controlled by those cases. Instantly, as mentioned previously, the arbitrator's award sought to order the school district to reopen a closed facility. Compliance with the arbitrator's decision would result in a remedy being fashioned well beyond the temporal parameters by which the parties to the collective bargaining agreement agreed to be bound.[3] This would be contrary to the funda-

3. While under certain circumstances particular remedies awarded may in fact continue in effect beyond the expiration of the controlling agreement, the award by the arbitrator herein was too broadly designed and intrusive to be deemed legitimate. Focus on the scope and nature of a particular remedy to be awarded is a paramount consideration in analyzing its propriety. This distinction was expressly recognized in

mental rule that the power of the arbitrator is defined and limited by the terms of the applicable collective bargaining agreement. *See Leechburg Area Sch. Dist., supra; Port Authority of Allegheny County v. Amalgamated Transit Union Division 85,* 492 Pa. 494, 497, 424 A.2d 1299, 1300 (1981). Furthermore, the "essence test" also dictates that judicial review of an arbitration award must focus on the question of whether the *award* represented a *legitimate, reasonable interpretation of the collective bargaining agreement. See County of Centre v. Musser, supra.*

This Court's condoning such activity would allow arbitrators to intrude freely upon those bargaining powers traditionally vested in the parties themselves. Thus, the freedom to renegotiate the terms of respective bargaining agreements over time would be severely limited by an arbitrator who could design the terms of the contract and intrude upon the rights of the parties. We do not believe this legitimately expresses the intentions of the parties herein and cannot be deemed to emanate from the "essence" of the collective bargaining agreement that expired on August 31, 1986.

Further, the additional requirement contained in the award that Appellee bargain in good faith is necessarily void since it too commands bargaining in areas which would interfere with the Appellant and Appellee's exercise of their collective bargaining powers. To allow such an award to survive would give to the arbitrator powers neither bargained for nor contemplated in the drafting of the collective bargaining agreement. While the arbitration process has an invaluable role in resolving labor disputes, we do not believe that either federal or Pennsylvania policies favoring such dispute resolution would

*Appeal of Cumberland Valley Sch. Dist.,* 483 Pa. 134, 394 A.2d 946 (1978), wherein this Court held that the School District could not refuse to continue to pay medical and hospitalization insurance for employees along with premiums for life insurance and tuition expenses for employees which were provided by the expired collective bargaining agreement. While these provisions are not at issue in the matter *sub judice,* the holding in Appeal of Cumberland Valley effectively illustrates the limited type of remedies which may survive the expiration of a collective bargaining agreement.

be benefitted by according that process the sweeping and unrestricted authority exercised by the arbitrator herein.

Accordingly, we affirm the decision of the Commonwealth Court that the award of the arbitrator be upheld, limited to the period from August 26, 1986 to August 31, 1986.

The late McDERMOTT, J., did not participate in the decision of this case.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent to the portion of the majority opinion which addresses the issue of whether the arbitrator had jurisdiction to fashion a remedy which extended beyond the expiration of the collective bargaining agreement.

The majority initially frames this issue in terms of jurisdiction. Later, the majority reframes this issue as whether the arbitrator's award was too narrowly or broadly designed. Finally, the majority reframes this issue in terms of "reasonability" as set forth in the "essence test."

This Court has held that the appropriate standard to apply when reviewing arbitration awards is the "essence test," and as we stated in *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*:

> [T]he arbitrator's award ... is to be respected by the judiciary if "the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention.... The arbitrator's interpretation of the contract must be upheld if it is a reasonable one."

473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977).

The United States Supreme Court, in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), acknowledged the authority of labor arbitrators to craft remedies which extend beyond the expiration dates of the collective bargaining agree-

ments. That Court held that "the appropriate remedy, along with the determination of whether the collective bargaining agreement authorized the arbitrator to fashion a remedy extending beyond its expiration date, *was for the arbitrator.*" [emphasis added] 363 U.S. at 599, 80 S.Ct. at 1362.

This Court also has upheld arbitration awards which extended beyond the expiration of collective bargaining agreements in *Appeal of Cumberland Valley School District*, 483 Pa. 134, 394 A.2d 946 (1978) and *Pennsylvania Labor Relations Board v. Williamsport Area S.D.*, 486 Pa. 375, 406 A.2d 329 (1979).

The majority attempts to distinguish these cases from the within case by applying the nebulous and unworkable "narrow-broad" test. As a result of the majority's holding which creates rather broad standards/loopholes (i.e., jurisdiction, narrow-broad test, reasonable/essence test), arbitration awards will tend to be less final and hence more appealable by dissatisfied parties.

In order to preserve "finality," arbitration awards should be reviewed only in limited circumstances. When parties to a collective bargaining agreement have contracted for binding arbitration, they have done so precisely because they seek to resolve their conflicts outside of the judicial system. As we create broader language in defining "finality," we encourage appeals. Thus, when arbitration is chosen by the parties, the courts should not interfere with the authority of the arbitrator in his role as final decisionmaker.

As stated by the United States Supreme Court in *Enterprise Wheel and Car Corp., supra:*

It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*Id.* 363 U.S. at 599, 80 S.Ct. at 1362. *Leechburg Area School District v. Dale,* 492 Pa. 515, 520, 424 A.2d 1309, 1312 (1981).

The arbitrator's interpretation of the collective bargaining agreement is reasonable in the present case. Therefore, I would reinstate the arbitrator's award.

Additionally, the Third Circuit recently adopted a narrower test involving interpretation of grievance arbitration to determine arbitrability in *United Steelworkers of American, et al. v. Lukens Steel Co.,* 969 F.2d 1468 (3rd Cir.1992). That Court stated:

> ... where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

> \*       \*       \*       \*       \*       \*

> The presumption of arbitrability may be overcome if the collective bargaining agreement contains an express provision excluding a particular grievance from arbitration ... or the existence of "strong and forceful" evidence of an intention to exclude it from arbitration.

*Id.,* 969 F.2d at 1474, 1475.

I would adopt the Third Circuit test. This test provides more predictability for all parties and further narrows the arbitrariness of the judiciary in its interpretation of arbitrator's awards. In this case, the silence of the collective bargaining agreement would result in affirming the arbitrator's award under the Third Circuit test.

For all of the foregoing reasons, I would reinstate the arbitrator's award.