**PHILADELPHIA FEDERATION OF TEACHERS, Appellant,**

v.

**SCHOOL DISTRICT OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1996.

Decided Oct. 31, 1996.

Ralph J. Teti, for Appellant.

Vincent J. Salandria, for Appellee.

Before PELLEGRINI and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

The Philadelphia Federation of Teachers (Union) appeals from a decision of the Court of Common Pleas of Philadelphia County (trial court) that affirmed an arbitration award sustaining the Union's grievance but assessing a penalty against Joseph Canning (Grievant) for giving false evidence and testimony.

On July 19, 1994, Grievant was informed by the School District of Philadelphia (School District) that he was to be discharged from his employment as a teacher of commercial baking skills for alleged sexual misconduct. The School District alleged that Grievant had engaged in sexual misconduct, including inappropriate physical contact, with four female special education students. At the disciplinary hearing before the School District prior to his discharge, Grievant suggested that the students had fabricated the complaints against him in retaliation for the failure warnings for poor attendance that he had previously issued to the students. The School District did not accept Grievant's sug-

gestion and discharged him for the purported sexual misconduct.

The Union grieved the discharge and filed a demand for arbitration of the matter. As per the collective bargaining agreement, the parties submitted the following issue for the arbitrator's determination:

> Was the discharge of Joseph Canning for just cause? If not, what shall be the remedy?

At the hearings before the arbitrator, the School District attempted to adduce evidence to establish just cause for its termination of Grievant. It offered the testimony of three of the students that had complained about Grievant to establish that he had engaged in inappropriate physical contact.[1]

To counter the School District's evidence, Grievant testified that he had touched and hugged students as a means of showing support for those students while he was teaching. Grievant denied that such contact was sexual. Instead, Grievant testified, the students had claimed that the contact was inappropriate solely in retaliation for the failure warnings for poor attendance that he had issued against the complaining students several days before they made the accusations against him. To support his testimony, Grievant introduced into evidence the forms that he had allegedly filled out one week into the grading quarter to document the poor attendance and to warn the students of possible failure. To rebut this evidence, the School District offered the testimony of Lois Palio, the Acting Site Administrator, who stated that cards concerning possible failures were not issued to teachers until May 26, 1994, and were not due until May 31, 1994. Additionally, Ms. Palio testified, Grievant's alleged failure warnings that were issued only six or seven days into the fourth quarter of the school year, were too early and should not have been issued at that time.

At the conclusion of the hearings, the arbitrator sustained the Union's grievance insofar as he found that the School District had not proven the charges against Grievant by a preponderance of the evidence, and

therefore, did not have just cause to discharge him. After reaching this determination, however, the arbitrator observed that Grievant had given false evidence about the attendance records of the complaining students. The arbitrator concluded that Grievant had manufactured the possible failure lists as a defense to the charges that were against him. After noting that Grievant was not charged with the falsification of records, and therefore, that cannot serve as a basis for his discharge, the arbitrator then stated that "[s]omething has to be done however." The arbitrator then reinstated Grievant, but denied him pay, seniority credit and pension credit for the 1994–95 school year as a penalty.

The Union appealed to the trial court, contending that the arbitrator exceeded his authority by assessing the penalty against Grievant. The trial court, citing to the fact that the parties submitted the issue of what shall be the remedy to arbitration, upheld the arbitrator's award as being within his authority. The Union now appeals to this Court.

The Union contends that the arbitrator exceeded his authority in entering his arbitration award. Under the issues that the parties presented to arbitration, the Union argues, the arbitrator was limited to determining whether or not there was just cause for discharging Grievant. Once he determined that just cause did not exist, the Union contends, the arbitrator was required to award Grievant back pay and other lost benefits. The Union argues that by penalizing Grievant for his alleged dishonesty, the arbitrator addressed a collateral matter that was not before him, thus exceeding his authority.

■ An arbitration award must be affirmed by this Court so long as it passes the "essence test," i.e., it draws its essence from the parties' collective bargaining agreement. *Pennsylvania Liquor Control Board v. Independent State Stores Union,* 520 Pa. 266, 553 A.2d 948 (1989). Under the essence test, although an arbitrator is vested with broad authority to fashion a remedy necessary to

---

1. The fourth student who had complained about Grievant did not testify before the arbitrator. Therefore, her written statement and the prior oral statements that she had made to others were not admitted into evidence.

further the intended essence of the collective bargaining agreement, his or her decisions are not unassailable. *Neshaminy School Service Personnel Association v. Neshaminy School District,* 53 Pa.Cmwlth. 262, 417 A.2d 837 (1980). If the arbitrator exceeds his or her authority in entering an arbitration award, then that award cannot stand. *See Danville Education Association v. Danville Area School District,* 78 Pa.Cmwlth. 238, 467 A.2d 644 (1983).[2] In this regard, an arbitrator is confined solely to interpreting and applying the collective bargaining agreement. *Midland Borough School District v. Midland Education Association,* 532 Pa. 530, 616 A.2d 633 (1992).

■ In the present case, the parties submitted to arbitration the specific issue of whether the School District had just cause for discharging Grievant, and if not, what his remedy should have been for the improper discharge. Given the limited nature of this issue, the arbitrator's inquiry was limited solely to determining whether the School District had just cause as that term is defined in the collective bargaining agreement. By proceeding beyond that inquiry and considering the veracity of Grievant's testimony, the arbitrator did not base his decision upon the issue submitted to arbitration by the parties or upon the terms of the collective bargaining agreement. Instead, the arbitrator denied Grievant his benefits and back pay for the 1994–95 school year as a penalty for his alleged false evidence regarding the attendance of the complaining students. While it is understandable that the arbitrator wanted to penalize Grievant for his inexcusable conduct, the collective bargaining agreement did not vest the arbitrator with the authority to assess penalties for perjury against the parties to that agreement, and arbitrators have no inherent authority to levy remedies not called for in the collective bargaining agreement. The proper remedy for Grievant's purported perjury was for the School District to either take additional disciplinary action against him or to have criminal charges filed against him for that alleged perjury.

Accordingly, the order of the trial court affirming the arbitrator's award as it pertained to assessing a penalty against Grievant is reversed. The matter is remanded to the trial court for further remand to the arbitrator for a determination of those benefits due to Grievant in addition to back pay for the 1994–95 school year.

### ORDER

AND NOW, this 31st day of October, 1996, the order of the Court of Common Pleas of Philadelphia County at No. 990 September Term 1995, dated October 18, 1995, is reversed insofar as it affirmed the arbitrator's assessment of a penalty against Joseph Canning. The matter is remanded to the trial court with the instruction to further remand the matter to the arbitrator for a determination, consistent with the attached opinion, of those benefits, in addition to back pay, due to Joseph Canning for the 1994–95 school year.

Jurisdiction relinquished.

---

**2.** Whether or not an arbitrator has exceeded his or her authority is purely an issue of law. *Dan-*

*ville Education Association.*